# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| IN RE:<br>NICOLE D. JAMES<br>      Debtor | Case No. 23-12980-amc |
| Wells Fargo Bank, National Association, as Trustee for Securitized Asset Backed Receivables LLC Trust 2005-OP2, Mortgage Pass-Through Certificates, Series 2005-OP2,<br>      Movant | Chapter 13 |
| vs.<br>NICOLE D. JAMES<br>      Respondent | 11 U.S.C. §362(d)(4) |

## ORDER MODIFYING §362A UTOMATIC STAY

**AND NOW**, this 12th day of December, 2023, at **PHILADELPHIA**, upon Motion of Wells Fargo Bank, National Association, as Trustee for Securitized Asset Backed Receivables LLC Trust 2005-OP2, Mortgage Pass-Through Certificates, Series 2005-OP2 (Movant), it is:

**ORDERED:** that Movant shall be permitted to reasonably communicate with Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law; and it is further;

**ORDERED** that In Rem Relief from the Automatic stay of all proceedings, as provided under 11 U.S.C. §362(d)(4) is granted with respect to, 5023 Mckean Avenue, Philadelphia, Pennsylvania 19144-4124 (hereinafter the Premises) (as more fully set forth in the legal description attached to theMortgage of record granted against the Premises) , as to permit Movant, its successors or assignees, to take any legal or consensual action for enforcement of its right to possession of, or title to, said premises (said actions include but are not limited to forelcosure on it smortgage, recording of a Sheriff's deed, and eviction proceedings); and it is further

**ORDERED** that no future bankruptcy cases filed by Debtor, her successors, assigns, or any occupants, will not stay any actions taken by Movant, its successors, assigns, or any other purchaser at Sheriff's Sale from proceeding with any legal or consensual actions necessary for enforcement of its right to possession of, or title to, said premises; and it is further

**ORDERED** that the Recorder of Deeds for Philadelphia County is hereby directed to allow for the recording of this Order, and that this Order is effective for two (2) years from the date of entry, provided it is recorded as provided for by §362(d)(4); and

**ORDERED** that the Trustee is directed to cease making any further distributions to the Creditor; and it is further

**ORDERED** that Rule 4001(a)(3) is not applicable and may immediately enforce and implement this Order granting Relief from the Automatic Stay; and it is further;

**ORDERED** that FEDERAL RULE OF BANKRUPTCY PROCEDURE 3002.1 is no longer applicable to Movant, its successors or assignees.

_____
Ashely M. Chan
BANKRUPTCY JUDGE